UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 9, 2026

MEMORANDUM TO PARTIES RE:        <u>Avery v. Lovenduski, et al.</u>
Civil Action No. GLR-25-2271

Dear Parties:

Pending before the Court is Defendants Joseph Lovenduski and Fairport Asset Management REO, LLC's [collectively, "Defendants"] Motion to Dismiss (ECF No. 11). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion.

**<u>Background</u>**

As accounted by the Appellate Court of Maryland, the facts of this case are as follows: [1]

> Avery borrowed $90,000 from Severn Savings Bank to purchase lots 657-662 located on Key Avenue in Brooklyn, Maryland. A purchase money deed of trust was duly recorded in the Land Records of Anne Arundel County. Ultimately, Fairport Asset Management purchased the deed of trust. Avery defaulted on the loan payment. Piel and Wheat were appointed as substitute trustees with the right to foreclose on the properties for Fairport.

> The foreclosure process proceeded smoothly through the sale of the property at a public auction on May 23, 2023, and the substitute trustees requested the circuit court ratify the sale on June 2, 2023. But on August 22, 2023, Avery, representing himself, moved to stay or dismiss the foreclosure proceedings, raising several purported "procedural and ethical" issues, including issues of notice. Days later, but this time with counsel's assistance, Avery filed an "objection to the ratification of sale," citing Fairport's alleged lack of standing.

---

[1] The Court takes judicial notice of the procedural history in the Appellate Court of Maryland's unpublished opinion and may consider these documents on a motion to dismiss. <u>See</u> <u>1899 Holdings, LLC v. 1899 Liab. Co.</u>, No. CCB-12-297, 2013 WL 142303, at *7 (D.Md. Jan. 8, 2013) ("[A] federal court may take judicial notice of documents from prior state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment."), <u>aff'd</u>, 568 F.App'x 219 (4th Cir. 2014).

> Piel and Wheat timely opposed the motions to stay, dismiss, or otherwise object, in which they noted the properties were lots of "raw, unimproved land" and had not been "improved by four or fewer single family dwelling units that are designed principally and are intended for human habitation" so as to be deemed "residential" properties under Maryland Code Annotated, Real Property ("RP") § 7-105.1(a)(12). As a result, Piel and Wheat argued, Avery's motion to stay or otherwise object to the foreclosure was untimely as it had not been filed within 15 days of learning of the foreclosure proceedings under Rule 14-211(2)(B).

> Upon learning this, the circuit court issued a "Directive" to Piel and Wheat requiring them to provide proof the properties were, in fact, unimproved land as they claimed. Piel and Wheat filed a "Supplementary Response" to their opposition with detailed information about the properties, including an affidavit from the substitute trustees' attorney, photographs of the properties, plat maps, and documentation from the Maryland Department of Assessments and Taxation showing the lots foreclosed upon were unimproved by any dwellings.

> After receiving this documentation from the substitute trustees, the circuit court issued a Final Order ratifying the sale. Avery moved to vacate that order, raising the same issues he raised in his previous objections, including his argument that the properties were residential in nature. Piel and Wheat opposed. The circuit court denied the motion to vacate. Avery then appealed.

Avery v. Piel, No. 2511, 2025 WL 1354822, at *1–2 (Md.App.Ct. May 9, 2025). The Appellate Court of Maryland affirmed the circuit court's Final Order. Id. at *3. The Supreme Court of Maryland denied Avery's petition for writ of certiorari. Avery v. Piel, 340 A.3d 692 (Table) (2025). In the instant Complaint, Avery requests this Court declare the foreclosure action and loan unenforceable, enter a Temporary Restraining Order and Preliminary Injunction against Defendants prohibiting them from transferring or selling the property at issue, and award actual, statutory, and punitive damages along with reasonable attorney's fees. (Compl. at 4, ECF No. 1).[2]

On July 14, 2025, Avery filed the instant Complaint. (ECF No. 1). The seven-count Complaint alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601 (Count I); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (Count II); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (Count III); Due Process and Equal Protection, 42 U.S.C. § 1983 (Count IV); Predatory Lending & Fraudulent Concealment (Count V); Abuse of Process & Civil Conspiracy (Count VI); and Declaratory & Injunctive Relief (Count VII). (Compl. at 3–4).

---

[2] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 11, 2025. (ECF. No. 11). Avery filed an Opposition on December 22, 2025. (ECF No. 13). To date, Defendants have not filed a reply.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in a light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). Further, complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe such complaints. See Haines v. Kerner, 404 U.S. 519, 595–96 (1972). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Analysis**

In their Motion to Dismiss, Defendants make four primary arguments: (1) Avery improperly seeks to collaterally attack a state court judgment entered against him in a foreclosure action, which the Rooker-Feldman doctrine prohibits, (Def.'s Mem. L. Supp. Mot. Dismiss ["Mot."] at 6–8, ECF No. 11); (2) Avery's claims are barred by res judicata, (id. at 8–10); (3) Avery fails to state any plausible federal claim, (id. at 10); and (4) Avery's recording of a lis pendis confirms the improper purpose of this lawsuit, (id. at 10–11). For the reasons set forth below, the Court finds Defendants' first argument with respect to Rooker-Feldman dispositive but will address the other arguments for the sake of completeness.

The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Thana v. Bd. of License Comm'rs for Charles Cnty., Md., 827 F.3d 314, 319 (4th Cir. 2016) (quoting Lance v. Dennis, 546

3

U.S. 459, 463 (2006)). The doctrine is "narrow and focused, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (internal quotations omitted). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). "The 'inextricably intertwined' prong of the doctrine bars a claim that was not actually decided by the state court but where 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Rodman v. Jean-Charles, 2020 WL 1248946, at *4 (D.Md. Mar. 16, 2020) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)).

This case presents a straight-forward application of the Rooker-Feldman doctrine. On November 8, 2023, the Circuit Court for Anne Arundel County ratified the foreclosure sale by the substitute trustees. (Nov. 8, 2023 Final Order at 1, ECF No. 11-2). The circuit court denied Avery's post-judgement motions, and the Appellate Court of Maryland affirmed the circuit court's order. (Mot. at 7). The Supreme Court of Maryland denied Avery's petition for writ of certiorari. (Id.).

Asking this Court to declare the foreclosure action and loan unenforceable is precisely the type of action that Rooker-Feldman prohibits. The claims Avery brings are rooted in Defendants' alleged misconduct in bringing and pursuing the foreclosure action in the circuit court. (Compl. ¶¶ 3–9). These alleged acts include "reopening a dismissed foreclosure case without motion or notice, filing fraudulent fee petitions, misclassifying property as commercial, issuing fabricated summons, concealment of Judge Alban's residential ruling, servicing and disclosure violations, [and] loan origination misconduct." (Pl.'s Mem. L. Opp'n Defs.' Mot. Dismiss ["Opp'n"] at 3, ECF No. 13). Exercising jurisdiction over these counts would require this Court to "determine that the [state] court judgement was erroneously entered or [to] take action that would render the [state court] judgement ineffectual." Smalley v. Shapiro & Burson, LLP, 526 F.App'x 231, 236 (4th Cir. 2013) (citation omitted). As such, this Court is barred from exercising jurisdiction over this case by Rooker-Feldman.

Even if Avery's claim were not barred by Rooker-Feldman, however, his claims are barred by res judicata. Under Maryland law, the doctrine of res judicata provides that "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive . . . as to all matters which with propriety could have been litigated in the first suit." Prince George's Cnty. v. Brent, 995 A.2d 672, 677 (Md. 2010) (quoting MPC, Inc. v. Kenny, 367 A.2d 486, 488–89 (Md. 1977)). Res judicata has three elements:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

Spangler v. McQuitty, 141 A.3d 156, 175 (Md. 2016) (quoting Cochran v. Griffith Energy Servs., Inc., 43 A.3d 999, 1002 (Md. 2012)). All three elements are met here. First, the parties are in privity with the parties to the state court litigation, as privity is recognized between parties that "represent[] the same legal right." FWB Bank v. Richman, 731 A.2d 916, 930 (1999). Defendants here represent the same legal right to foreclose on Avery's property that the parties represented in the state court action. (Mot. at 8). Second, these claims could have been raised in the foreclosure litigation. In fact, with limited exceptions, Maryland requires all challenges to a foreclosure to be raised in the foreclosure action itself. See Chaires v. Chevy Chase Bank, F.S.B., 748 A.2d 34, 42 (Md.App.Ct. 2000). Third, the United States Court of Appeals for the Fourth Circuit has held that state court foreclosure proceedings can constitute a final judgement on the merits and thus preclude a party from raising the same claims in federal court where the party "voluntarily appear[s] and raise[s] numerous objections," as Avery did here. See Jones v. HSBC Bank USA, N.A., 444 F.App'x 640, 644–45 (4th Cir. 2011). Thus, res judicata precludes Avery's claims.

Additionally, Avery's Motion fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because the Complaint is almost entirely composed of conclusory statements. (See, e.g., Compl. ¶ 8 (declaring "Plaintiff is not in default by any legally enforceable term" because the loan was "predatory" and "legally unconscionable")). Mere conclusory statements do not suffice to state a claim, Ashcroft, 556 U.S. at 678, and the Court will grant Defendants' Motion to Dismiss.

Finally, Avery fails to demonstrate that he is entitled to any injunctive or declaratory relief (Compl. at 4). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds, Citizens United v. Fed. Election Comm'n, 558 U.S. 310 (2010), aff'd, 607 F.3d 355 (4th Cir. 2010) (per curiam). Here, Avery fails on the first factor, likelihood of success on the merits, because he has not demonstrated that this Court has jurisdiction to hear his claims, which dooms his request for injunctive relief. Frazier v. Prince George's Cnty., 86 F.4th 537, 544 (4th Cir. 2023). For these same reasons, declaratory relief is also not appropriate because the granting of such relief rests within the sound discretion of the Court, which the Court declines to exercise here. Piedmont Fire Ins. Co. v. Aaron, 138 F.2d 732, 734 (4th Cir. 1943) (citations omitted).

In sum, because Avery's claims are barred by Rooker-Feldman, precluded by res judicata, and otherwise fail to pass Federal Rule 12(b)(6) muster, this Court need not address any other issues and will grant Defendants' Motion to Dismiss.

**<u>Conclusion</u>**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED. The Complaint is hereby DISMISSED without prejudice. The Clerk is directed to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and MAIL a copy to Avery.

Very truly yours,

_____/s/_____

George L. Russell, III
Chief United States District Judge

6